Call the next case please. Good morning, Your Honors. My name is Arnold Landis. I represent the appellant, Andrew Tobias. In this case, Andrew Tobias obtained a money judgment against certain defendants for breach of a loan agreement. In the money judgment, the trial court awarded principal, pre-judgment interest, costs, and pre-judgment attorney's fees. Tobias then proceeded to collect upon his judgment by gauging in supplemental proceedings, citations to discover assets to the defendants, citations to third parties. And under Illinois law, because Tobias' judgment was, because his citation was served before any other judgment creditors, he is then first in line and entitled to collect his judgment first before any other judgment creditor may collect any money. So Tobias proceeded to make collections under his judgment by virtue of his citations. Now in this case, Tobias incurred a significant amount of attorney's fees collecting upon his judgment, and that was primarily due in this case to certain conduct of one of the defendants, Mr. Weisman, or Dr. Weisman, who had ignored the command of a citation and while a citation was served upon him, he disbursed hundreds of thousands of dollars to third parties instead of to my client. That's why there was a significant amount of post-judgment attorney's fees in this case. And the post-judgment fees in this case are in the ballpark of $200,000. Can I ask you a couple of questions? Absolutely. The judgment that you appeal from, Tobias was awarded the sum of $86,845.12 out of the money being held by MEA as full and complete satisfaction of the judgment that was entered on February the 27th, 07. Your opponent states in his brief that there is no dispute that that's all that was left due and owing on the $656,185.61 of the February 27th judgment. Is that correct? Well, that's all that was left for principal interest and costs. Exclusive of post-judgment attorneys. Yes, sir. So that's it. So you got paid. You've collected the entire $656,185.61. Yes. The only thing we're talking about now is the question of whether your claim for post-judgment attorney's fees had priority over the Greystone citation that was pending in the federal district court or the rights of Wiseman himself. Yes. Okay. Yes. So while our petition for post-judgment attorney's fees was pending, MEA, a third-party citation respondent, reported that it had about over $300,000 available and due to Dr. Wiseman. And while our petition was pending, the trial judge, Alexander White, ordered that Tobias's judgment be deemed satisfied upon payment to him of $86,000. Is this exactly what happened here? MEA reported the possession of the $300,000 long before April the 9th, well, April the 23rd, when you filed your petition for post-judgment attorney's fees. I mean, you filed a motion asking for a turnover of funds from MEA, and what you asked for in that motion was for an order to turn over an amount sufficient to satisfy the judgment and post-judgment attorney's fees set amount to be determined by the court after hearing. But no actual petition for post-judgment attorney's fees was filed until April the 23rd. Is that correct? The petition for fees was on file and pending prior to the time that Judge White ruled. But there's a chance of answering my question. You filed that petition on April the 23rd. I don't know the date, but I accept what you're saying. I know the date. All right. I know the date. All right. And so in April the 23rd is the date you ruled. It was on file at the time. You filed it that morning. Okay. Yeah, okay. That's what you say in your brief, too, by the way. Yes, yes. So you are conceding that that's what happened. The day the judge was going to – the case was continued from April 15th to the – to the 23rd so the court could enter a ruling. On the 23rd, you tell us, you appeared, and that's the day you filed your petition. Right. When the court was prepared to rule. Well, it was on file before the court ruled. And when the court ruled, it was not really set. Wait, wait, wait. We need to know. I don't – you say on April 23rd you filed your petition. That same day the court ruled on the turnover report. Yes. Same day you filed it. Yes, that's correct. That's correct. Let me ask you a question. Is Tobias' claim for post-judgment attorney's fees a separate claim from the underlying judgment of $656,000? Well, I'd say you've really hit it on the head, Your Honor. I would say that it is under the case law, and it's a claim ancillary. But is it separate? Well, I would say that by being ancillary, it's not separate. It's a part of the judgment, and therefore it should retain the same priority. That's supported by the two cases that we cite. Well, the two cases you cite don't exactly say that. But let me ask you another question. At the time the citation was served on NEH, or at any time prior to the time the judge ruled on April 23rd, did you have an enforceable claim for pre-judgment attorney's fees? Or post-judgment attorney's fees? Pardon me? An enforceable claim? Well, I'd say we have a claim which has not yet been adjudicated. So it's not enforceable if it hasn't been adjudicated? Well, my submission to the Court is that when the contractual rights of the parties is such that a judgment creditor is entitled to recover fees pre-judgment and fees for collection, that follows with the judgment his right to fees. Your opponent does not dispute the notion that under the loan agreement and by virtue of the February 27th judgment, you have a right to post-judgment fees. They don't dispute that. The question that I asked you was, at that time that the citation was served and prior to April 23rd, did you have an enforceable claim? I would say yes because we have a right to have our fees determined by the Court and when the sum of $300,000 comes into the Court's jurisdiction, the Court should adjudicate the fee claim that Judge White was well aware of the existence of our fee claim and should adjudicate that claim prior to doing what he did here which is say, I'm going to require that you take $86,000 and disperse the rest of the money actually to a foreign judgment creditor who doesn't even have an Illinois judgment and to the defendant Weissman. I suppose I'm getting more fundamental. I'm at Supreme Court Rule 277. Supreme Court Rule 277 says the supplementary proceedings authorized by 214.02 can only be commenced with respect to a judgment which is subject to enforcement. Was your right to post-judgment attorney's fees a judgment subject to enforcement? Well, the answer to that is that it was a claim for fees ancillary to our enforceable judgment and therefore, since it's a part of it, it should have been and we were entitled to have it adjudicated before any monies were dispersed. It would only be if the claim was in itself a lien upon those proceeds by reason of the 214.02 proceedings. If that claim is separate from the 656 and no money has yet to be awarded, it certainly cannot be an enforceable judgment claim. I would respectfully beg to differ with the Court because the consequence of what Your Honor is suggesting would be a system in which a judgment debtor can avoid a citation, require a judgment creditor to spend a year and a half in collection activity, and then when it comes to the day of having the judgment creditor be compensated for the fees that he's incurred due to the debtor's conduct, then the judgment creditor is told, well, so sorry, your claim to post-judgment fees hasn't been reduced to its specific number yet and adjudicated and therefore, we're going to give Dr. Weissman funds. The only reason it really affects his priority, because it's very easy for you during the course of the citation proceedings against NEA to go back to the trial court and ask to have your post-judgment attorney's fees up to that day adjudicated and converted to a judgment. And then the only thing you've got to do is serve NEA with a second citation. And bingo, you've got an enforceable claim against that money that's being held. The question is, where's your priority? Where are you in the line of priority? So, you know, I've got a more fundamental question for both of you. Please. Was the order of February the 27th, 2007 ever in itself an enforceable judgment? I believe it was, but I'm sure Your Honor has a question that you wish to ask. Sure, there's no 304A finding in it. It's a final order because it adjudicates all matters that were... It didn't adjudicate all matters. That's what it didn't do, because I have it in front of me. It's an interesting thing that kept bothering me while I was reading this thing. You got a judgment for a total of $656,185.61, which consisted of the principal, the interest, and $12,000 in attorney's fees. And then it goes on to say, in total attorney's fees and costs incurred by plaintiff to collect the loan and interest as of February 27, 2007, and any additional attorney's fees and costs and interest incurred after the date of this judgment. Your Honor, I believe that there was a judgment entered in April, which eliminated the provision that you're calling attention to, and which provided that the judgment was adjudicated all matters... You're talking about the judgment that you're appealing from? No, sir. The original... You're referring to the original judgment of Judge Palmer? February 27, 2007. Yes. And I don't have the date at hand, but I believe that there's a date approximately one month thereafter in which that judgment was modified and all issues then before Judge Palmer were adjudicated. And the language that you're calling attention to was deleted. So deleted from the February 27 judgment was your right to collect additional attorney's fees and costs incurred after the date of the February judgment that was taken out? Yes. Okay. And the date of that order you think was what? I believe it was approximately 30 days after the February 07 order. Thirty days after the February 07. Motion to amend judgment April the 5th, 2007 order entered April the 5th, 2007. Yes, sir. Pages 53 to 56 of the record. Okay. Yes. All right. May I ask a question along these same lines? My question is about the jurisdiction of this court. Okay. Please. Explain to me what is the jurisdiction of this court? How do we achieve jurisdiction? Well, the... Is this a final order? Well, this is a final under Supreme Court Rule 304A as Judge White... No, no, no. Is it a final order? The order that you're appealing from is April 23, 2009. Is that correct? Yes. Okay. Is that a final order in that there's nothing left to do except enforce it? Is it a final order in the sense that it ultimately determines the rights of all the parties? Is it a final order in the sense that it's modified, non-modified? Is it a final order? I'd say yes, but it doesn't adjudicate all issues in the trial court. You think this is a final order. So I think you all are trying to figure out how to you haven't really given us a lot of legal structure to figure out how to answer your question in terms of clarity. Are you saying that the ultimate claim you had was based upon the breach of this contract, whatever, that the damages that flow from that are $600,000 and include costs, interests, and attorneys' fees both pre- and post-judgment? Is that what you're saying? That's one claim? And I'm trying to think about it in terms of jurisdiction. I'm trying to answer your question as best I can. The order of Judge White that is being appealed from ordered that Tobias accept $86,000 in full satisfaction of his judgment. And then our petition for attorneys' fees remains pending before Judge White. Because it's a separate claim is what you're saying. All claims, all parties, you know. Work this out. Is this a separate claim? Well, I'd say for purposes of jurisdiction, it's a separate claim. For purposes of jurisdiction, a claim for attorneys' fees. It's a separate claim from what we have here. And then is it 304A or is it 304B? It's 304A, I believe. Okay. I think it's 304B. Okay. But going back to where we started here, which I think also Justice Taubman is thinking about, is this one idea, one claim, and was it final? Or was it not a final? It's one claim. And included in the claim is attorneys' fees, both pre and, you know, cost and everything else, and attorneys' fees pre and post judgment. That's one claim, and it was not ultimately resolved. It's not final. And we don't have jurisdiction. But your position is that these are two separate claims. For purposes of the jurisdiction of the court, but for purposes of the issue of priority. Why is it different? Why would we look at it two different ways? I mean, I'm trying to hold on to some piece of law that I can understand. Well, I'd say the piece of law to hold on to is the words ancillary that are used in the two cases that we cite. They don't define post judgment fees as separate. They define it as ancillary, and I think that's the key distinction. It's not a separate claim. It's the same claim. We talk about claims, separate claims, all the time. It's all a jurisdiction. Well, I'd say that Judge White entered a 304A finding, and that's how we come here pursuant to that. But for purposes of the issue of priority, we submit that our claim for post judgment fees retains the same priority as our original judgment. Why? Why? Because it is the claim for post judgment fees by law is a claim that's ancillary to our judgment, which means that it is, in essence, a part of it. But it's not separate. You can't have it both ways. You can't have it both ways. Either it's separate, and, therefore, you had a final judgment when Judge White entered his order, and we have jurisdiction because you had a final judgment either under 304A or 304B, either way. It has to be a final judgment. Or it's part of it, and, therefore, there's been no adjudication, and, therefore, Judge White's order is not a final order, and you can't make a non-final order appealable by tech of 304A findings. I understand what the Court is saying, and there has not been any motion filed by the appellee. No, but we have to raise it. I understand. Jurisdiction. I understand that. And, of course, the Court is aware that the effect of Judge White's order is to take the $300,000 that was in his jurisdiction and disperse it, $86,000, to my client, and the rest, gone. $123,000 and $123,000. Right. But isn't this what we'd be saying? If we followed this through, we'd say, okay, we buy this argument. It's all one claim. Attorney's fees. Who cares when they were earned before or after the judgment? It's all about attorney's fees. That was not how we decided this is not a final order, despite the 304A language. We have no jurisdiction. Send it back. And now, Judge White, finally determine the claim that was before you, and that would be all of your kids. Well, I think, Judge White, the issue of fees remains to be determined before Judge White. What I'm trying to say is isn't that the result that you would want us to say? Judge White, first you have to completely, in terms of priority, you have to completely determine the claim that was before you first, which was Mr. Landis' case. Yes. Is that what you want us to say? Yes. And, of course, that's one of the arguments. But you also want that to relate back to the date, because then you're ahead of a whole bunch of other people who want money. Yes. How can that be? Well, because Judge White should have... No, I mean, the judgment is... Because Judge White... There's no judgment yet, right? Well, Judge White should have adjudicated our claim at the time. Yeah, but he didn't. He didn't. No, he didn't. All right. If I have any time, I'll fill out the reservations. Okay. We'll give you some more time. Thank you. Response. Good morning. May it please the Court, Steve Levy on behalf of Greystone Business Credit II, LLC. One of the two appellees in this case, along with Dr. Weissman, who's represented by Mr. Greenberg. And Mr. Greenberg and I have agreed, if it's acceptable to the Court, that I'm going to try to use about 10 minutes or so of the appellee's time and that Mr. Greenberg will have the remainder. So I hope if I get too far beyond 10 minutes, somebody will tell me to sit down. This appeal raises a single issue, and that issue is whether Judge White was correct when he entered the April 23, 2009, order, which held that the Tobias judgment against Weissman had been paid in full and that Greystone, as the next judgment creditor in line of Dr. Weissman, was therefore entitled to begin enforcing its own citation to discover assets and its own wage garnishment against MAA. MAA, by the way, is both. It was pending in the Northern District, was it not? It was pending in the Northern District, but we intervened in the case before. Right. We understand that. Right. And there's a stay on your citation proceeding. That's correct. In the Northern District. Right. That's correct. We intervened in the case because we learned that there was this $300,000 fund, and we learned that Mr. Tobias was going to take the position that he was entitled to all of it. Well, should Judge White be ordering distributions to a judgment creditor whose citation proceeding is pending in the federal court? Or should he just have ordered the $86,000 payable to Tobias and said to the rest of you, say, you know, a pox on your houses? Well, I think what happened was that we intervened in the case to express our position. Judge White did not rule on the validity of our lien. What he did was say, I determine that Tobias is entitled to another $86,000 and that the next judgment creditor, that's satisfied. The legal effect of that is that the next judgment creditor in line is therefore entitled to money. We then entered into negotiations with Mr. Weisman. We happened to incorporate it into the order. I take it the 123-123, I think it was split between the two of you. It was an agreement between the two of you. That's correct. That's correct. We agreed on the reason. But Tobias has not appealed that. That's right. Saying that there was something wrong with the split. That's right. He says you shouldn't have gotten anything. That's right. That's right. And Judge White rejected that argument because he found, as the parties all agreed, that the sole remaining amount on the original judgment was $86,000 plus change. Judge White said, look, you're going to get that money and you're done. Your judgment lien has been extinguished. And there's no contest in fact that that money was paid over.  Let's get more basic. When Tobias served his citation on MEA, he got a lien on whatever property MEA had in its possession belonging to Weisman for the balance of his judgment. Did the balance of his judgment ever include post-judgment attorney fees? Absolutely not. To this day, he hasn't been awarded a penny of post-judgment collection fees. So I take it, to distill it to its finest, your argument is that post-judgment attorney fees is in fact a separate claim. And I think that gets to the crux of the matter. And in fact, by bringing this appeal, I believe that Mr. Tobias has acknowledged that it's a separate claim. Because the only way you get to this court is under Rule 304A. And the way you get there under Rule 304A is that the claim for post-judgment attorney fees is deemed to be a separate claim from the underlying judgment. Well, you get here under 304B, as Justice Tice pointed out, if Judge White's order of April 23rd was a final judgment on a 214-02 proceeding. And I believe it was. And I believe it was, because it awarded, it actually paid Mr. Tobias every single penny of principal pre-judgment interest in attorneys' fees that he had been awarded in the original judgment in 2007. And that is the judgment which forms the extent of the lien that is created when the citation to discover assets is filed. So he's paid 100 percent. What do we have left? We have a new claim, an unresolved one. Well, why is this a new claim? Let's put it that way. The whole idea of this was, the whole suit, the whole, you know, was about, this case is to collect the loan or the interest costs and the reasonable attorneys' fees. Why isn't this part of the reasonable attorneys' fees? Because, first of all, I think under the case law, a claim for post-judgment attorney fees is deemed to be a new claim, which is why it can be subject to 304. But if you look at it, look at the facts, it makes perfect sense that it's a new claim. It's not the same claim that Mr. Tobias got his judgment on in 2007. It is his attorney's fees, attorney's fees. It's post-judgment attorney's fees. It is his attorney's fees. So then we'll figure out the amount later. Well, the amount later, it turns out, includes this post-judgment. The nature of the claim is fundamentally different. In 2007, he sued on a note, and as part of the judgment, he was awarded the attorney's fees and costs that he incurred in getting that judgment. If you look at his brief, what he says is, separate and apart from my litigation of the underlying note, when I started enforcing the judgment in my citation to discover assets, Dr. Weissman engaged in wrongful conduct. He evaded my citation. He transferred assets. He engaged in additional wrongful conduct under Illinois law. And because of that, I, Mr. Tobias, had to spend over $200,000. It has nothing to do with the original liability that was litigated before Judge Palmer. It doesn't have anything to do with Section 8 of the agreement that says that LLFP promises to pay all costs of collection in case payment shall not be made at maturity and further promises in case suit is instituted to collect the loan or the interest for any portion thereof to pay such reasonable attorney's fees in such suit. I think that it is a different claim because, although I concede that that is in the lease, the basis of this particular claim for attorney's fees is that Dr. Weissman engaged in wrongful conduct during the course of the citation to discover asset proceedings. In order to be awarded $240,000 of fees, there is going to have to be an evidentiary showing that Dr. Weissman engaged in unlawful conduct, not before the judgment was entered, but after the judgment was entered. He transferred assets. He failed to comply with Judge White's orders. He wasn't truthful in his responses. He caused other people to do things that they should not have done. It is a fundamentally different claim. It does not arise from the issues that were litigated before Judge Palmer and pursuant to which the judgment was entered. And I do think that the language of the agreement talks about the reasonable fees for a suit to collect the loan or interest or any portion thereof. Collection. I concede the language, Your Honor. I do. But I do think that it is a separate claim. It is the subject of a separate petition. It has different facts in it. It relates to a different time period. And, by the way, coincidentally, the time period during which Dr. Weissman is alleged to have engaged in all this wrongful conduct that would lead to this award of $240,000, it's after Greystone got its judgment. So it is truly a fundamentally different claim. It's different in the legal basis. It's different in the time. It's different in comparison to when Greystone got its judgment. And under Rule 304, I think the case law is clear that a post-judgment request for attorney's fees is a separate claim. And that's the very basis upon which Tobias brought his appeal in this case. So I think Judge Hoffman hit it on the head when he said you can't have it both ways. You cannot say that it's a separate claim and, therefore, I get to come before the appellate court under Rule 304, but then when I get back to the Daly Center, I get to argue it's the same claim so that when, if, by the way, if, not a penny has ever been awarded. If it's ever awarded, even though I told this court it's a separate claim to get jurisdiction, it's the same claim and it relates back. So I think that the issue of jurisdiction in this court is really tied to the merits of this litigation, which is that it is a separate claim. It was not part of the judgment originally when they filed the citation. So under Section 1402, this unresolved claim cannot possibly be a part of the judgment lien that was created. That's the language of the statute. It says that there's a lien for the balance due on the judgment. The judgment that was entered was paid completely. That's uncontested. The statute does not say, and by the way, if you can come up with a reason to increase the amount of your judgment later on in the proceedings, that your original judgment lien will extend to those amounts if you're lucky enough to be awarded them in the future. The legislature could have said that if it wanted to, but it didn't. Could you help me with one last thing? You tell me that you've got cases here that are going to explain to me about the separate claim idea? Yes. That's in the section of our brief where we talk about Rule 304A. Rule 304A, you know, in Marsh v. Evangelical Church and those kind of cases, those are often talking about petitions for attorney's fees pursuant to 137. It's hard to find cases that talk about petitions for attorney's fees arising out of a contract. Do the cases go back and look again? I was reading them last night, and they do, Your Honor. I can't remember which. FH Prince and Company. FH Prince is the big one. That's the case. FH Prince and Company is the case where the claim was the integral part of the underlying. It was not a sanctions case. Right. And I believe that may have been the case in which the Court held there was no jurisdiction because it was a separate claim. Because there was no 304A. You needed 304A language. So if you look at that case, it's the same situation. It's a claim for attorney's fees based upon the same contract that led to a judgment. There was no 304A language, so the Court said we cannot hear this. In this case, there is 304A language. So it's the same situation. It's a separate claim. And those cases are on page 12 and 13 of our brief. The last thing I want to address, because I fear I'm eating into Mr. Greenberg's time, is that the result that Mr. Tobias requests, at least in my view, doesn't make any sense. And it's not workable in a situation where you have more than one judgment creditor lined up to collect a judgment. And this case is a great example as to why it doesn't work. It's been over a year since Mr. Tobias filed his fee petition for post-judgment fees in the circuit court. There's been no ruling. As far as I know, there hasn't even been an oral argument or an evidentiary hearing as to the merits of that petition. I think there's been some procedural skirmishes. I don't know when we're going to get a ruling. Could be another year. Could be two. In the meantime, what are all the other judgment lien creditors supposed to do? Do they sit by and wait? And for how long? A year, two, three? And what happens in a situation when somebody is paid in full, and then the next judgment lien creditor comes along and starts enforcing their judgment, forces it for six months, a year, collects a lot of money, and then the original judgment lien creditor says, I have a new claim. I have a new ancillary claim. And my claim, if it's granted in the future, should relate back. What happens to the money that the subsequent judgment lien creditor gets? Discouragement. Well, why is that fair? I just said what happens to it. I answered it. Well, the point is it's not a workable system. And the statute sets out how the system works, which is you have a lien for the extent of your balance on the judgment. Their judgment to this day doesn't include any fees. They've been paid their entire judgment. And subsequent judgment lien creditors are at that point entitled to begin enforcing their own judgment. And they shouldn't have to disgorge money if at some point in the future the original judgment lien creditor says, I thought of another claim that I have against the defendant. And one final point that I would add in terms of the timing of all this that I think Judge Hoffman, you raised. We were in court before Judge White on the morning of April 23, 2009. He indicated how he was going to rule. He told us to go work on the language of an order, come back in the afternoon. When we came back in the afternoon, as far as I know, a minute or two before, the fee petition was filed. And it was handed up to Judge White. And he was told, you can't rule because I just filed this fee petition. There's no reason, even if everything that I've said is wrong here today, there's no reason that that fee petition couldn't have been filed six months ago or four months ago and couldn't have been ruled upon. At least that issue would have been resolved. And not only was it not resolved by April 23, it's never been resolved to this day. So I don't think it's appropriate to say that subsequent judgment lien creditors have to sit back and wait. I think if counsel gets an additional judgment for Mr. Tobias, it will be a new debt of record, it will be a new judgment, he can file a new citation, he'll get a new judgment lien, and he gets in line behind everybody else. That's the only way the system can work. So for all those reasons, I would request that the April 23 order be affirmed. And I will give the rest of my time to Mr. Greenberg. Thank you. Mr. Greenberg? Yes. I'll be very brief. I perhaps have taken a simplistic view of this matter pending before you. Looking at 214.02 of the Code of Civil Procedure, it authorizes supplemental proceedings to collect the judgment. The order entered by Judge White found that there was $86,000 in debt. There was $80,000 and some odd left on the judgment and found that it was satisfied. The issue of whether or not there's post-judgment interest or not, I think is an issue that has to be decided before the trial court. It's interesting, if you look at the amended judgment that was entered in this matter, it was specifically left out any claim for post-judgment interest. And assuming that the court knew and meant to say what it did say in that order, there has been no determination whether or not there is a legitimate claim for post-judgment interest. What was the argument? Merger? Pardon me? What's the underlying argument? Merger? Well, it extinguished that portion of the claim under the note. The right to attorney's fees on collection, which exists in the loan agreement. It exists. In the loan document, it did. Because it was left out of the revised judgment in April, are you arguing a merger document? Yes, either that or a what? Because there is no longer any right to post-judgment interest. As I said, that's an issue to probably determine in the trial court, but it seems that there must have been some reason to enter that type of an order, leaving out the issue of post-judgment fees when the note specifically provided for it. The courts ordinarily do not do useless acts. I'd like to point out just two other issues. Prior to the entry of the order on April 23rd, I had filed on behalf of Dr. Weissman a claim or a petition to release the funds. All of these funds were wages. The 15 percent, in effect, Mr. Tobias was only entitled to $45,000 using 15 percent, yet in an effort to extinguish that claim and get the rest of the money out that Dr. Weissman needed, we agreed to pay the full amount due under the judgment and stop the interest running, as well as distribute the balance of the money with Mr. Levy's client. Dr. Weissman didn't want to get into the litigation of whether or not that was in fact. Well, you're not suggesting, though, that the April 23rd order was an agreed order? Only to the portion of the distribution of the remaining balance that MEA had. That was between the two of you, but Mr. Levy has never agreed to the order. Nothing to do with that. I would also point out that after making Dr. Weissman the bad guy, he was one of four defendants and he was the only one that paid, and he satisfied the judgment in full from his funds and nobody else's funds. I believe that Judge White's entry of that order was correct, and in accordance with Section 2-1402, the proceedings was for a citation. The citation was satisfied. The judgment, in fact, was satisfied. I thank the Court for its time. Mr. Lance Roboto. Thank you very much for your attention to this argument. I just want to make a few points by way of rebuttal. First of all, to take Your Honor's point, Justice Hoffman, as to why didn't we file a petition earlier, I want to make the Court aware of the sequence. Once a judgment is entered, a judgment creditor begins post-judgment collection proceedings, and whether that proceeding will last a short time or a long time is unknown. Therefore, in this case, we were appearing before Judge White on numerous occasions on returns of citations, issuance of rules, turnover orders, et cetera. It would be very impractical to request a hearing on fees at an interim stage before we got to the end of the collection process. So what Your Honor suggested as to doing that earlier, I don't think it wouldn't be applicable in a case such as this when the collection process takes an extended period of time. Also, when Judge White ruled on the order that's appealed from, that was a ruling that came about, I would say, it was surprising that the judge ruled when he did. It was not something that had been set for hearing, and we expected him to rule. We simply expected that that would be briefed and taken in the ordinary course of things. And Judge White was well aware of our claim for post-judgment fees throughout this matter, but we wanted to perfect it when we were getting to the end of the process. We also had, shown in the record, a petition for indirect civil contempt, which also sought fees that was pending much earlier in this process and also had not been adjudicated, has not been adjudicated, but that also shows what we were intending in this matter. I also want to stress that in the event Tobias is not placed in, the post-judgment fee award is not given the priority as is original judgment, that's tantamount to saying you're going to recover zero on your post-judgment attorney's fee award. So when counsel politely says, I mean, out of any funds, because we don't know, but we know from the record that Greystone has a multimillion dollar judgment, and so the chances of Tobias collecting another penny in this case would be very, very slim or in a very distant galaxy, because there's also other creditors that are out there as well. I also want to point out the point that Your Honor made as to the fact that Greystone is a foreign judgment creditor, and although it was granted leave to intervene, it does not have an Illinois judgment, and I don't think that Judge White had any jurisdiction or authority granting it any relief whatsoever in this court, and that point is made in our briefs. And finally, the relief that we seek, we would ask the court to rule here, is to reverse the order that's appealed from ordering Tobias to accept a sum of money in full settlement of his judgment, full satisfaction of his judgment, and enter an opinion ordering that any post-judgment fees which may be awarded to Tobias be ancillary to the judgment that it originally obtained in April of 07, and thereby Tobias would be first in line in priority, and finally order that any funds disbursed to Dr. Weissman or to Greystone pursuant to Judge White's order be returned pending further order of court. I thank you very much for your attention and your patience. Thank you. Thank you. We're going to take it under advisement.